UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARIS PARKER,

       Plaintiff,

v.                              CASE NO. 3:22-cv-158-MMH-JBT

WASTE PRO OF FLORIDA, INC.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on the Parties' Joint Brief in Support of Approval of Settlement ("Motion") (Doc. 19) and Plaintiff's Supplemental Joint Brief in Support of Approval of Settlement (Doc. 21). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreement and Release of Fair Labor Standards Act Claim ("Agreement") (Doc. 19-1) be **APPROVED**, and that final judgment be entered in Plaintiff's favor against Defendant in the amount of

$301.48.[1]   In short, there has been no monetary compromise, and the Agreement contains no objectionable provisions.[2]

## I.    Background

Plaintiff filed the instant action seeking unpaid "off-the-clock" wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Doc. 1.)   According to the Complaint, Plaintiff was employed by Defendant as a waste disposal driver within the period at issue.   (*Id.* at 2, 4–6.) Plaintiff alleged that Defendant failed to keep adequate payroll records and failed to pay him time and one-half of his regular rate of pay for hours worked in excess of 40 hours per week.   (*Id.* at 2, 6–10.)   Specifically, Plaintiff alleged that he was required "to perform necessary and integral work for Defendant while not clocked in, or otherwise off the clock," in excess of 40 hours per week, resulting in "overtime compensation to which he is entitled, but has not been paid . . . ."   (*Id.* at 8, 11.)[3]

The Agreement provides for a settlement payment in the amount of $301.48, exclusive of fees and costs, which the parties submit represents 100% of Plaintiff's

---

[1] Plaintiff intends to move for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 7.01 once judgment is entered.  (Docs. 19 at 5 & 19-1 at 2–3.)

[2] In response to the Court's previous Order (Doc. 20), Plaintiff confirmed that there has been no monetary compromise. (Doc. 21.)

[3] Plaintiff alleged he was "required to work overtime hours when requested by Defendant and was subject to potential disciplinary action for refusing to work overtime." (Doc. 1 at 7.)  The "off the clock work usually occurred prior to Plaintiff's daily driving routes and after the routes or any helper routes were completed at the end of the day." (*Id.* at 8.)

claimed unpaid overtime wages and 100% of possible liquidated damages. (Docs. 19 at 2 & 5; 19-1.) The Motion requests that the Court approve the Agreement and enter judgment in the amount of $301.48. (Doc. 19 at 5.)

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and

3

reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary

---

[4] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited if they are persuasive on a particular point.  *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).[5]

### III.   Analysis

The parties synopsize their dispute as follows:

> 2.      [Plaintiff] contends that [Defendant] had an illegal policy of not paying for all hours worked especially with regard to pre-shift and post-shift inspections.  [Plaintiff] claims he was required to conduct his vehicle inspections while off the clock prior to the beginning of his shifts or after he clocked out for the day at the end of his shifts. Plaintiff has calculated the unpaid wages related to off-the-clock work to be approximately $150.74, not including liquidated damages, fees, and costs.
> . . .
>
> Defendant dispute[s] Plaintiff's entitlement to any recovery given the fact that the entirety of his claims accrued in 2018 and 2019, meaning if Defendant prevailed on either of its statute of limitations or good faith defenses, Plaintiff would be entitled to much less.[6] Additionally, Defendant argue[s] that it paid Plaintiff correctly and that no additional overtime premiums were due and owing to Plaintiff.

(Doc. 19 at 1–2.)

---

[5] Because fees and costs will be pursued separately, and there appears to be no present agreement thereon, the Court need not be concerned that Plaintiff's recovery is being adversely affected by the fees amount.

[6] Plaintiff did not opt in as a plaintiff in the *Wright* action until January 26, 2021. *See Wright, etc., et al. v. Waste Pro USA, Inc., et al.,* No. 0:19-cv-62051-KMM (Doc. 156) (S.D. Fla. Jan. 26, 2021); (Doc 1 at 3.)

Although legitimate issues appear to be in dispute, it also appears that there has been no monetary compromise.  With the proposed $301.48 settlement, Plaintiff will receive all of his claimed unpaid overtime wages and liquidated damages.  (Doc. 19 at 5.)  Moreover, the Agreement contains only a FLSA release and no objectionable provisions.  (Doc. 19-1.)  Thus, the undersigned recommends that the proposed settlement be approved.

Therefore, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 19**) be **GRANTED**.

2.      The Agreement (**Doc. 19-1**) be **APPROVED**.

3.      The Clerk of Court be directed to enter final judgment in favor of Plaintiff, Paris Parker, and against Defendant, Waste Pro of Florida, Inc., in the amount of $301.48.

## <u>Notice to Parties</u>

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

6

**DONE AND ENTERED** in Jacksonville, Florida, on October 19, 2022.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record